# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MICHAEL JAMES ROBINSON, | |
| Plaintiff, | CIVIL ACTION NO. 3:21-cv-01905 |
| v. | (SAPORITO, M.J.) |
| NORTHUMBERLAND COUNTY JAIL, et al., | |
| Defendants. | |

## MEMORANDUM

This is a federal civil rights action by a former prisoner, Michael James Robinson. The plaintiff's *pro se* complaint was received by the clerk and lodged for filing on November 8, 2021, together with an application for leave to proceed *in forma pauperis*.[1] (Doc. 1; Doc. 2.) On November 12, 2021, the plaintiff was granted leave to proceed *in forma pauperis* and the complaint was deemed filed. (Doc. 4.)

At the time of filing, Robinson was incarcerated at Northumberland County Jail. He has since been released.

The complaint names three defendants: (1) Northumberland County Jail; (2) Lieutenant Joe Shurock; and (3) Sergeant Bart Shuman.

---

[1] The *pro se* complaint was signed but undated.

These defendants have appeared through counsel and moved to dismiss this action for failure to state a claim upon which relief can be granted. (Doc. 11.) That motion is fully briefed and ripe for decision.

In his *pro se* complaint, the plaintiff has asserted federal civil rights claims and related state-law tort claims arising out of an incident that occurred at the jail on or about August 21, 2019. In conclusory fashion, Robinson alleges that Shurock and Shuman organized a "fight club" among inmates. Robinson alleges that, at the direction of Shurock and Shuman, unnamed correctional officers attempted to compel another inmate, Blaine Hoover, to physically attack Robinson. But, as his *pro se* complaint alleges, the assault never occurred because Hoover "punked out" or "chicken[ed]" out, aborting the attack. Displeased with Hoover's failure to attack Robinson, the unnamed guards then placed Hoover in a cell with Terrell Turpin, a third inmate who was known to be violent, and Turpin violently beat Hoover. Robinson apparently attempted to have Shurock, Shuman, and Hoover criminally prosecuted, without success.

First, we note that Robinson has named Northumberland County Jail as a defendant. But "a jail is not a 'person' subject to liability under § 1983." *Coward v. City of Philadelphia*, 546 F. Supp. 3d 331, 333 (E.D.

Pa. 2021); *see also Frederick v. Snyder Cty. Prison*, Civil Action No. 3:18-0707, 2019 WL 1348436, at *3 (M.D. Pa. Mar. 22, 2019). Accordingly, the plaintiff's § 1983 claim against the Northumberland County Jail will be dismissed for failure to state a claim upon which relief can be granted, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), 28 U.S.C. § 1915A(b)(1), and 42 U.S.C. § 1997e(c)(1).

Second, with respect to the two individual defendants, we note that the plaintiff does not allege that he was actually assaulted, but only that unnamed guards, at the direction of these defendants, attempted to instigate an assault, unsuccessfully. Robinson has not alleged *actual* harm as a result of this alleged misconduct, but only exposure to a *risk* of harm, which ultimately was not realized. The mere failure to prevent exposure to risk of harm does not give rise to a cognizable § 1983 failure-to-protect claim. *See Babcock v. White*, 102 F.2d 267, 272 (7th Cir. 1996) (holding that a failure to prevent exposure to risk of harm cannot support a failure-to-protect claim where an assault did not actually occur); *accord Alvarez v. Davis*, Civil Case No. 1:19-cv-00034-MR, 2021 WL 4166328, at *6 (W.D.N.C. Sept. 13, 2021) ("[A defendant] cannot be held liable for the failure to protect [the plaintiff] from an assault that did not occur.").

Accordingly, the defendant's motion to dismiss will be granted and the plaintiff's § 1983 claims against Shurock and Shuman will be dismissed for failure to state a claim upon which relief can be granted, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

The complaint is fatally defective for other reasons as well. It is well established that "[c]ivil rights claims cannot be premised on a theory of *respondeat superior*. Rather, each named defendant must be shown . . . to have been personally involved in the events or occurrences which underlie a claim." *Millbrook v. United States*, 8 F. Supp. 3d 601, 613 (M.D. Pa. 2014) (citation omitted); *see also Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988). Here, the plaintiff has simply failed to allege any facts whatsoever to support his bare, conclusory allegation that Shurock and Shuman were responsible for the alleged misconduct by the unnamed correctional officers present at the time of his anticlimactic encounter with Hoover.

Moreover, even if the plaintiff were to attempt to replead his § 1983 claims, they would be time-barred. Federal civil rights claims brought pursuant to 42 U.S.C. § 1983 are subject to Pennsylvania's two-year statute of limitations applicable to personal injury actions. *Bougher v.*

*Univ. of Pittsburgh*, 882 F.2d 74, 78–79 (3d Cir. 1989); *see also* 42 Pa. Cons. Stat. Ann. § 5524. The incident upon which the plaintiff's claims are based occurred on or about August 21, 2019. He did not file his original complaint in this action until November 8, 2021, well more than two years later.

The Third Circuit has instructed that, if a civil rights complaint is vulnerable to dismissal for failure to state a claim, the district court must permit a curative amendment, unless an amendment would be inequitable or futile. *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108 (3d Cir. 2002). In this case, based on the facts alleged in the complaint and the exhibits attached thereto, it is clear that amendment would be futile. Therefore, the plaintiff's § 1983 claims will be dismissed *without* leave to amend.

Finally, in addition to his federal civil rights claims, the plaintiff's *pro se* complaint has alluded to state-law tort claims arising out of the same factual nexus. But where a district court has dismissed all claims over which it had original jurisdiction, the Court may decline to exercise supplemental jurisdiction over state law claims. 28 U.S.C. § 1367(c)(3). Whether the Court will exercise supplemental jurisdiction is within its

discretion. *Kach v. Hose*, 589 F.3d 626, 650 (3d Cir. 2009). That decision should be based on "the values of judicial economy, convenience, fairness, and comity." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988). Ordinarily, when all federal law claims have been dismissed and only state-law claims remain, the balance of these factors indicates that these remaining claims properly belong in state court. *Cohill*, 484 U.S. at 350. Finding nothing in the record to distinguish this case from the ordinary one, the balance of factors in this case "point[s] toward declining to exercise jurisdiction over the remaining state law claims." *See Cohill*, 484 U.S. at 350 n.7. Therefore, the plaintiff's supplemental state-law tort claims will be dismissed without prejudice pursuant to 28 U.S.C. § 1367(c)(3).

    An appropriate order follows.

Dated: September 13, 2022          ***s/Joseph F. Saporito, Jr.***
                                                   JOSEPH F. SAPORITO, JR.
                                                   United States Magistrate Judge